THE GEORGIA RAILROAD COMPANY *vs.* KICKLIGHTER *et al.*

1. Where the charge of the court, though excepted to, is really unexceptionable, presenting the issues made by the pleadings and proof fairly to the jury, and the verdict is supported by sufficient evidence to sustain it in law, this court cannot legally control the discretion of the presiding judge in overruling a motion for a new trial.
2. Where the verdict is not excessive, and newly discovered evidence relates only to the age of the injured party, and the difference between the age proven and that sworn to by the newly discovered witness is so slight as hardly to authorize a reduction of the damages, the new trial was properly refused on this ground, especially in the absence of all diligence.

New Trial. Before Judge LAWSON. Greene Superior Court. March Term, 1879.

Kicklighter and wife brought case against the Georgia Railroad for a personal injury to the latter. On the trial the evidence showed that Mrs. Kicklighter was a passenger

on defendant's train on July 24th, 1877; that near Union Point the engine ran over an ox, jumped from the track and caused the train to be wrecked; that Mrs. Kicklighter was injured seriously, perhaps permanently, about the breast and spine, besides minor injuries, without fault on her part. There was also other evidence for plaintiffs tending to show that the train was behind time, and was running faster than its schedule time; that a careful watch would have detected the ox on the track in time to have prevented the accident; and that the whistle was not blown nor other signal given, and that there was no apparent slacking of the speed of the train before the accident occured, but, on the contrary, that the engineer increased the speed and sought to throw the obstruction from the track. Also that Mrs. K. was about twenty-six years of age, and (by mortuary tables) the probable length of life.

The evidence for defendant tended to show that owing to the nature of the ground, the ox could not have been seen by the engineer at a distance, and that when near it the engine obstructed his view; that when the ox got upon the track and was discovered by the fireman, it was very near; that the fireman notified the engineer, and both did all they could to stop the train, but it was too near, and the accident resulted.

The jury found for plaintiffs $2,500.00. Defendant moved for a new trial on various grounds, among others that the verdict was contrary to law and evidence, and because of newly discovered evidence to show Mrs. Kicklighter's age. This ground was supported by the affidavit of one Brooks that Mrs. K. was born in 1849, and that of Jno. C. Reed, Esq., of counsel for defendant, that he did not know of this evidence until after the trial, and that he used all diligence in the conduct of said cause.

The motion was overruled, and defendant excepted.

J. A. BILLUPS; JNO. C. REED; W. W. LUMPKIN, for plaintiff in error.

S. D. McCONNELL ; M. W. LEWIS & SON, for defendants.

JACKSON, Justice.

1. We fail to see any error in the charge of the presiding judge. The defendant under the law has the misfortune to go into the trial of a contest with an injured passenger with the presumption of law against it in respect to negligence. Whilst it is possible that this was an accident and that there was no negligence, yet that presumption, we cannot say, has been overcome, and extraordinary diligence shown by the defendant. Indeed, the presumption of negligence is supported by proof, and the jury were authorized to find as they did. Nor is the verdict excessive. If there was negligence, the injuries and sufferings of the lady fully authorized the amount of the verdict.

In such a case we are not at liberty to interfere, for the reason that we can interfere, if there be no error of law in the rulings on the trial, only when the presiding judge abuses his discretion. He has not done so here and the judgment must be affirmed.

2. In respect to the newly discovered testimony, we do not see that it would alter the verdict. It relates to the age of the person hurt and could not vary the finding. It ought not to do so and in all human probability it would not. At all events the plaintiff in error showed no diligence at all. No effort appears to have been made to procure testimony as to Mrs. Kicklighter's age, and her age was necessarily in issue on the question of the amount of damages.

Judgment affirmed.